648

Maria Dolores TORRES; Viliulfo Lopez, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70874.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 9, 2004.

Gabriela–Kreutzer, Esq., Olympic Law Center, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, DOJ–U.S. Department of Justice Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Maria Dolores Torres, a native and citizen of Honduras, and Viliulfo Lopez, a native and citizen of Mexico, petition for review of the Board of Immigration Appeal's ("BIA") January 29, 2003 Order denying their second motion to reopen their *in absentia* deportation proceedings. The BIA concluded that the Petitioners' second motion to reopen was untimely and declined to exercise its discretion to sua sponte reopen because Petitioners failed to perfect their ineffective assistance of counsel claim by complying with the prerequisites of making such claims as spelled out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

We have jurisdiction to review the timeliness of Petitioners' second motion to reopen and conclude that the BIA did not abuse its discretion in finding that the motion to reopen was filed out of time. *See Shaar v. INS*, 141 F.3d 953, 955 (9th Cir.1998). Petitioners state that they first learned of the alleged ineffective assistance of counsel on October 24, 2001. Assuming that the 90–day statute of limitations set forth in 8 C.F.R. § 1003.2(c)(2) was equitably tolled until October 24, 2001, Petitioners had until January 22, 2002, to file their second motion to reopen. The motion filed on February 15, 2002, was beyond the deadline.

To the extent that Petitioners contend that the BIA should have sua sponte reopened their motion despite its untimeliness, we lack jurisdiction to review this claim because the decision of the agency whether to invoke its sua sponte authority is committed to its unfettered discretion. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

The petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.